IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IN RE:<br>ANA MARIA VILLARREAL; aka<br>    Debtor(s) | §<br>§<br>§<br>§ | CASE NO: 06-70358<br><br>CHAPTER 7 |
| MICHAEL B. SCHMIDT<br>    Plaintiff(s)<br><br>VS.<br><br>UNITED STATES MARSHAL SERVICE,<br>et al<br>    Defendant(s) | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | ADVERSARY NO. 06-7028 |

## MEMORANDUM OPINION

The following matters are pending before the Court:

1. The trustee's motion for a default judgment against Raul Leonel Luna.

2. The United States Marshals Service's motion to dismiss the complaint.

3. The trustee's motion for expedited consideration of the foregoing two motions.

4. The trustee's allegation that the actions of the United States Marshals Service violated the automatic stay.

The Court issues this joint memorandum opinion on the foregoing matters. Separate orders will follow.

### Background

Ana Maria Villareal filed a chapter 7 bankruptcy petition on August 22, 2006. Michael B. Schmidt is the chapter 7 trustee for the estate created by the commencement of this bankruptcy case.

This adversary proceeding was filed on December 12, 2006. The chapter 7 trustee alleges that the debtor transferred 110 acres of land to Raul Leonel Luna on June 21, 2006. Luna

1

allegedly transferred the 110 acres on the same date to Las Tranquitas. According to the chapter 7 trustee, the transfer by the debtor was done for no consideration and constituted a fraudulent conveyance.

The trustee alleges that Las Tranquitas paid $380,702.60 for the land at a transaction undertaken at Valley Land Title Company in McAllen, Texas. Before the funds could be distributed, they were seized by the United States Marshals Service as proceeds of illegal drug trafficking.

On January 10, 2007, the United States commenced a civil forfeiture proceeding against the funds. The forfeiture proceeding was filed as case 07-00007 pending before the United States District Court for the Southern District of Texas (J. Hinojosa).

The chapter 7 trustee alleges that the commencement of case 07-00007 violates the automatic stay. The United States Marshals Service alleges that this Court has no subject matter jurisdiction over the dispute between the parties. The chapter 7 trustee alleges that he is entitled to immediate turnover of the proceeds under § 542 of the Bankruptcy Code. For the reasons set forth below, the Court finds that:

- The chapter 7 trustee is wrong when he alleges that the commencement of the forfeiture proceeding violated the automatic stay.

- The United States Marshals Service is wrong when it alleges that this Court has no subject matter jurisdiction over this adversary proceeding.

- The chapter 7 trustee is wrong when he alleges that he is entitled to turnover under 11 U.S.C. § 542.

## Stay Violation

The filing of the chapter 7 petition invoked the automatic stay under 11 U.S.C. § 362(a). In some circuits, the transferred property would not be treated as property of the estate subject to § 362's automatic stay. *In re Colonial Realty Co.*, 980 F.2d 125 (2nd Cir. 1992). However, the

2

Fifth Circuit has held that property that has been fraudulently transferred is property of the estate pending its recovery by the trustee. *In re Criswell,* 102 F.3d 1411, 1417 (5th Cir. 1997). The Fifth Circuit's explanation is as follows:

> "An action under the [Texas] Fraudulent Transfers Act is essentially one for property that properly belongs to the debtor and which the debtor has fraudulently transferred in an effort to put it out of reach of creditors. The transferee may have colorable title to the property, but the equitable interest-at least as far as the creditors (but not the debtor) are concerned- is considered to remain in the debtor so that creditors may attach or execute judgment upon it as though the debtor has never transferred it. We think that when such a debtor is forced into bankruptcy, it makes most sense to consider the debtor as continuing to have a "legal or equitable interest[ ]" in the property fraudulently transferred within the meaning of section 541(a)(1) of the Bankruptcy Code."
>
> We then concluded:
>
> "[p]roperty fraudulently conveyed and recoverable under the Texas Fraudulent Transfers Act remains, despite the purported transfer, property of the estate within the meaning of 70(a)(4) of the old Bankruptcy Act, and hence of section 541(a)(1) of the new Code."
>
> In other words, what we recognized in *MortgageAmerica* is that when a soon-to-be-bankrupt debtor (like Criswell) fraudulently transfers property to shield it from his creditors, that debtor/transferor should be considered to have retained an equitable interest in the property so that it will continue to be considered "property of the estate." Applying *MortgageAmerica's* principles to the facts of this case makes it clear that Criswell must be deemed to have retained an equitable interest in the oil and gas properties he fraudulently transferred to the Children's Trust, and that these properties should therefore be deemed to be both "property of the estate" under § 541 and "property of the debtor" under § 547(b).

*Id.* (quoting *In re MortgageAmerica,* 714 F.2d 1266 (5th Cir. 1983)).

Accordingly, with respect to property that has been fraudulently transferred, the property is "property of the estate." Section 362 of the Bankruptcy Code prohibits "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3).

Of course, the trustee has not yet litigated his fraudulent conveyance lawsuit. The question of whether the transfer of the 110 acres may be avoided has not yet been decided. What

3

is the effect of the automatic stay when the trustee has sued to recover the transfer but has not yet prevailed? The Fifth Circuit recently answered this question. When property is only *arguably* property of the estate, the automatic stay applies. *In re Chestnut*, 422 F.3d 298, 303 (5th Cir. 2005). The Fifth Circuit explained as follows:

> We must determine how bankruptcy law treats the unilateral seizure of arguable property. The policy and structure of the Bankruptcy Code suggest that the stay covers at least some arguable property. First, the automatic stay has broad application. *See, e.g., In re Krystal Cadillac Oldsmobile GMC Truck, Inc.*, 142 F.3d 631, 637 (3d Cir.1998); see also 3 COLLIER ON BANKRUPTCY ¶ 362.03 (15th ed.2003) (noting the stay's "extremely broad" scope). This breadth suggests Congressional intent that, in the face of uncertainty or ambiguity, courts should presume protection of arguable property.
>
> Second, by providing bankruptcy courts broad discretion to lift stays, *In re Cueva*, 371 F.3d 232, 236 (5th Cir.2004), Congress has evinced an intent to constitute the bankruptcy courts as the proper forum for the vindication of creditor rights. Sections 362(d) and (e) provide the mechanism for seeking relief from the automatic stay.
>
> ...
>
> If a creditor wishes to seize property for lack of adequate protection, § 362(d)(1), or for lack of equity, § 362(d)(2), he cannot do so first and thereby force the debtor to vindicate his rights after the seizure. Instead, he must first seek relief from the bankruptcy court. *Where seized property is arguable property, it is no answer for the creditor to defend the foreclosure by claiming that the property was not properly covered by the stay.*

*Id.* at 303-04 (emphasis added).

Nevertheless, not every act taken in contravention of § 362(a) is a violation of the automatic stay. Section 362(b) sets forth a list of 28 exceptions to the application of § 362(a). One of those is § 362(b)(4). Section 362(b)(4) creates an exception to the automatic stay if the government is acting in furtherance of its police and regulatory power. 11 U.S.C. § 362(b)(4).

Drug forfeiture proceedings fall squarely within the government's police and regulatory authority. *In re James*, 940 F.2d 46 (3d Cir. 1991) (applying state drug forfeiture law); *Boricua Motors Leasing Corp. v. Com. of Puerto Rico*, 154 B.R. 834 (D. P. R. 1993) (applying Puerto

4

Rican firearms law); *In re Chapman,* 264 B.R. 565 (9th Cir. BAP 2001) (applying federal drug forfeiture law); *In re Brewer,* 209 B.R. 575 (Bankr. S.D.Fla. 1996) (applying federal drug forfeiture law); *In re Smith,* 176 B.R. 222 (Bankr. N.D. Ala. 1995) (applying state drug forfeiture law). The few reported exceptions, where courts have found that drug forfeiture proceedings do not fall within the exception of § 362(b)(4), were either reversed on appeal (*see, e.g., In re James,* 120 B.R. 802 (E.D. Pa. 1990)) or the stay was annulled to validate the proceedings (*see, e.g., In re Goff,* 159 B.R. 33 (Bankr. N.D. Okl. 1993)) and thus did not leave the government in an aggrieved position.

This Court joins the vast majority of Courts. Drug forfeiture proceedings fall within the police and regulatory exception to the automatic stay. Accordingly, the commencement of the District Court lawsuit did not violate the stay imposed by § 362(a).

### Section 542 Recovery

The trustee seeks turnover of the cash. "Turnover under 11 U.S.C. § 542 is a remedy available to debtors to obtain what is acknowledged to be property of the bankruptcy estate. It is not a remedy available to recover claimed debts which remain unliquidated and/or in dispute." *In re Oakwood Homes Corp.,* 342 B.R. 59, 67-68 (Bankr. D. Del. 2006). Section 542 is not available as a shortcut to the normal litigation process that requires the chapter 7 trustee to establish that he owns the funds.

### Subject Matter Jurisdiction

Congress conferred authority to bankruptcy judges through two sections of title 28 of the United States Code: (1) § 1334, which grants subject matter jurisdiction in cases under or related to title 11 to the district courts; and (2) § 157, which allows district courts to transfer cases under title 11 or related to cases under title 11 to bankruptcy courts. 28 U.S.C. § 1334(a); 28 U.S.C § 157(a).

Under § 1334(a) district courts have original and exclusive jurisdiction in cases brought under title 11. 28 U.S.C. § 1334(a). District courts also have "original but not exclusive jurisdiction of all civil proceedings *arising under* title 11, or *arising in or related to* cases under title 11." 28 U.S.C. § 1334(b) (emphasis added). Because "arising in a case under" and "related to a case under" title 11 are considered to "operate conjunctively to define the scope of jurisdiction," the Court need only consider the scope of "related to." *Wood v. Wood*, 825 F.2d 90, 93 (5th Cir. 1987).

The Supreme Court has noted that "related to" bankruptcy proceedings include "(1) causes of action owned by the debtor which become property of the estate pursuant to 11 U.S.C. § 541, and (2) suits between third parties which have an effect on the bankruptcy estate." *Arnold v. Garlock*, 278 F.3d 426, 434 (5th Cir. 2001) (citing *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n.5 (1995)). The Fifth Circuit has stated that a matter is related to a case under title 11 if "the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy." *Wood*, 825 F.2d at 93 (citing *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984)). Even when there is a possibility that a suit may ultimately have no effect on the estate, this possibility is not enough to conclude that there would be no *conceivable* effect. *Id.* "Certainty or even likelihood of such an effect is not a requirement." *Arnold*, 278 F.3d at 434 (citing *In re Canion*, 196 F.3d 579, 858 (5th Cir. 1999)). The "plaintiffs' claims, however, must affect the estate, not just the debtor." *Wood*, 825 F.2d at 93 (citing *In re Cemetery Dev. Corp.*, 59 B.R. 115, 121 & n.13 (Bankr. M.D. La. 1986)).

Once the court has determined a suit is "related to" title 11, subject matter jurisdiction vests with the district courts. Bankruptcy judges then have authority by reference under 28 U.S.C. § 157.

Section 157 states that each district court may provide that "proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges." 28 U.S.C. § 157(a). Bankruptcy judges may "hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11 . . . and may enter appropriate orders and judgments." 28 U.S.C. § 157(b).

The United States Marshals Service ignores the plain language of § 1334. Instead, it argues that 28 U.S.C. § 1335 gives exclusive jurisdiction over forfeiture proceedings to the District Court. The motion wholly ignores whether this Court has subject matter jurisdiction over the claims for avoidance of the original transfer.

There is little doubt that the chapter 7 trustee's claims for avoidance under § 550 of the Bankruptcy Code are within the jurisdiction set forth in § 1334 and the reference to this Court under § 157.

Congress did not ignore the issue of potentially conflicting federal laws with respect to matters that require resolution of the relationship between Title 11 and "other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). In such an event, "the district court shall, on timely motion of a party, so withdraw a proceeding." 28 U.S.C. § 157(d).

Accordingly, the mere fact that forfeiture jurisdiction independently exists in the District Court does not mean that bankruptcy jurisdiction does not also arise. Dismissal is not the appropriate remedy. A separate order will be issued.

### Default Judgment

Mr. Luna has not responded to this adversary proceeding. The United States Marshals Service opposes entry of a default judgment on the grounds that this Court has no subject matter jurisdiction. For the reasons set forth above, they are incorrect. A default judgment will issue.

The United States Marshals Service also opposes the issuance of findings of fact with respect to the default judgment. On that issue, they are correct. The default judgment will be issued because Mr. Luna has been properly served and has not answered. No separate findings are appropriate. A separate judgment will be issued.

## Conclusion

It does not appear that the United States Marshals Service actually disputes that the debtor made a fraudulent conveyance. Nor does it appear that the United States Marshals Service disputes that the debtor should obtain a judgment for recovery of the funds. Indeed, it does not even appear that the United States Marshals Service disputes that the chapter 7 trustee should be entitled to assert his claim as the true owner of the funds in the civil forfeiture proceeding. If such disputes exist, the Court will address them following the answer by the United States Marshals Service.

The issue as to whether the chapter 7 trustee can prevail in the civil forfeiture action is not before this Court. That will be an issue decided by the District Court. The chapter 7 trustee is free to litigate his position with respect to the forfeiture in that Court.

February 8, 2007.

_____
Marvin Isgur
United States Bankruptcy Judge